Filed 6/21/16  P. v. Edwards CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY EDWARDS, JR.,<br><br>    Defendant and Appellant. | B266762<br><br>(Los Angeles County<br>Super. Ct. No. MA063402) |

APPEAL from judgment of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Affirmed.

Joshua Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Anthony Edwards, Jr., appeals from a sentence and judgment, following his conviction for second degree robbery. He contends the trial court erred when, in response to the jury's question about how to apply the facts of the case to the "force or fear" element of robbery, it reopened closing arguments. Finding no error, we affirm the judgment.

## PROCEDURAL HISTORY

A jury found appellant guilty of second degree robbery (Pen. Code, § 211).[1] In a bench trial, appellant admitted a prior "strike" (§§ 1170.12, subds. (a)-(d), 667, subds. (a)-(i)) and prior serious felony allegations. The trial court sentenced appellant to 11 years in state prison. Appellant timely appealed from the judgment.

## FACTUAL BACKGROUND

On June 19, 2014, Benjamin Blanco, a security guard for a grocery store, observed appellant enter the store with an empty backpack. Later, Blanco observed that appellant's bag was full of bottles. When appellant walked toward the store's exit without stopping by the cash registers, Blanco asked him to stop and return the items. Appellant "shrugged" and exited the store. Blanco followed appellant outside, and again requested that appellant return the items. Appellant refused.

Evelyn Hernandez, a store manager, also had followed appellant outside. She approached appellant, stating, "Stop. Can I see your bag?" Appellant responded, "Get away from me," and began walking away from her. Hernandez got in front of appellant and began walking backwards. She held out her hand to "keep space between us." When Hernandez noticed that appellant was walking toward a vehicle, she stated, "'If you go to the car,' I [will] write down the license

---

[1]    All further statutory citations are to the Penal Code, unless otherwise stated.

2

plate number." She also repeatedly told appellant, "Please take your items out of your bag." Appellant then grabbed her arm and twisted it. In response, Hernandez grabbed appellant's wrist and told him to let go. Two other store managers came on the scene, and appellant released Hernandez's arm. While the other managers restrained appellant, Hernandez grabbed a box cutter and cut open the backpack. She recovered the stolen items.

Los Angeles County Deputy Sheriff Daniel Ament subsequently arrested appellant. After waiving his *Miranda*[2] rights, appellant told Deputy Ament that he had gone to the store to purchase alcohol. After grabbing a four-pack of hard cider and observing that the lines to the cash registers were long, appellant placed the bottles into his bag, and walked out of the store without paying for them. As he was leaving, a male Hispanic security guard accused him of stealing. Appellant walked around the guard and headed toward the parking lot. Hernandez then approached appellant and accused him of stealing. Hernandez had her arm out and her hand touched appellant's stomach, so he used his right hand to "brush" her hand away. When Hernandez reached for appellant's backpack, he grabbed her wrist and moved her arm away from him. At the same time, he made a "flinch motion" toward Hernandez in order to "intimidate her so he could leave." Two other store employees came out, and appellant gave them the four bottles. Hernandez accused appellant of having additional stolen items. She took out a box cutter and cut his backpack open.

## DISCUSSION

A. *Relevant Factual Background*

The trial court instructed the jury on the law of robbery with CALCRIM No. 1600, as follows:

---

[2]     *Miranda v. Arizona* (1966 ) 384 U.S. 436.

3

"The defendant is charged with robbery.  [¶]  To prove that the defendant is guilty of this crime, the People must prove that:

"1.  The defendant took property that was not his own;

"2.  The property was in possession of another person;

"3.  The property was taken from the other person in his or her immediate presence, either at the time the defendant took possession of the property or while the property was being carried away;

"4.  The property was taken against that person's will;

"5.  The defendant used force or fear to take the property, either to gain possession or to maintain possession[,] or to prevent the person from resisting; and

"6.  When the defendant used force or fear to take the property, he intended to deprive the owner of it permanently."

During deliberations, the jury sent the trial court a note, which stated: "Regarding item 1600 in the jury instructions (pg. 8) . . . [¶]  If the force or fear is used out of fear of reprisal or to avoid culpability, would that still constitute use of force or fear 'to maintain possession' of the stolen property for the sake of proof under item #5?  [¶]  Also, we would like to review the detective's testimony regarding the defendant's admission of a 'flinch' (or whatever word was used)."

The trial court discussed the jury's note with both parties.  With respect to the jury's question about the use of force or fear, the court told the parties:  "This is an issue that I think is more appropriate for argument.  So I'm going to allow reopening of argument, and we will handle that first.  It will just be one opportunity for each side.  People go and then the defense goes."  As to the jury's request for readback, the court indicated that it would send the court reporter to read the requested portion of the trial transcript.  Appellant did not object to the

4

trial court's proposed procedure. Nor did he request the court give a specific jury instruction.

Subsequently, the court told the jury that its question regarding CALCRIM No. 1600 "is better addressed with me exercising my discretion to reopen argument from both sides to allow them to address this. The way it works is the People will get an opportunity to argue, and then the defense will get the opportunity to argue."

The prosecutor argued that the answer to the jury's question -- whether force used out of fear of reprisal or to avoid culpability could also constitute force used to "maintain possession" of stolen property -- was "Yes." He explained: "Robbery is at its essence a person who is committing theft but using force or fear to get away with it." The prosecutor asked the jury to "look, again, at Element No. 5 [of CALCRIM No. 1600], which says the defendant used force or fear to take the property either to gain possession or to maintain possession or prevent the person from resisting." He argued that appellant's use of force against Hernandez was both to prevent her from resisting and to "maintain possession and escape with the beer."

Defense counsel argued that the answer to the jury's question about the use of force was "[N]o." He explained that not all uses of force make a theft a robbery. Counsel told the jury that a robbery is accomplished only when a defendant uses force to maintain possession of stolen property, not when force is used out of fear of reprisal or to avoid culpability. Counsel used as an example a person who, having stolen property and been confronted by a security guard, throws the property on the ground and runs away: "[H]e's trying to avoid culpability" or "reprisal, but he's no longer trying to maintain the property"; his conduct would not, counsel explained, constitute robbery. Counsel argued that appellant's use of force was solely to resist Hernandez's reaching for his bag and cutting it open, not

5

to maintain possession of the property. Counsel told the jury: "Ask yourself was the force used to maintain the property? That's it. That's what the law says. That's what you can trust, and that's what you can rely on. [¶] Expanding it further, afraid of being caught, afraid of being prosecuted, afraid of all those things is not in the law. If the Legislature wanted it there, they would have put it there. [¶] So stick with what the law says, and just follow the law."

Following the parties' arguments, the jury heard readback of the requested testimony.

B.    *Analysis*

On appeal, appellant contends the trial court committed reversible error when it failed to answer the jury's question on the law of robbery or provide a clarifying instruction. He argues the court should have informed the jury that the "force or fear" element of robbery could be satisfied only if there was proof beyond a reasonable doubt that the reason appellant used force was in order to maintain possession of the property. We find no error.

Section 1138 provides in relevant part: "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called." Under section 1138, the trial court has "a primary duty to help the jury understand the legal principles it is asked to apply. [Citation.] This does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the

6

jury's request for information. [Citation.]" (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) While comments diverging from the standard jury instruction are often risky, "a court must do more than figuratively throw up its hands and tell the jury it cannot help. It must at least consider how it can best aid the jury. It should decide as to each jury question whether further explanation is desirable, or whether it should merely reiterate the instructions already given." (*Ibid.*, italics omitted.) "A violation of section 1138 does not warrant reversal unless prejudice is shown." (*Ibid.*)

Here, the jury was properly instructed on the elements of robbery, including the use of force or fear to maintain possession of stolen property. When the jury sought clarification whether appellant's application of force constituted use of force to maintain possession of the stolen liquor bottles, the judge acted within her discretion in reopening argument, as the trial evidence left for the jury's resolution whether appellant had used force to maintain possession of the property or merely to resist Hernandez.

Contrary to appellant's argument, the court did not allow the parties to give the jury "two different and conflicting definitions of an essential element of the crime." The essential element of the charged robbery -- use of force to maintain possession of the property -- was undisputed. The prosecutor urged the jury to find appellant used force against Hernandez while still in possession of the alcohol, because he sought to "maintain possession and escape with the beer." Defense counsel conceded the relevant question -- "was the force used to maintain the property?" -- but urged the jury to find appellant's use of force was merely in response to Hernandez's reaching for his backpack or cutting it open. By allowing additional argument, the trial court did no more than permit each counsel to argue

7

to the jury why the evidence did -- or did not -- support the conclusion that appellant used force to maintain the stolen property.  This was not error.

### DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



MANELLA, J.


We concur:



EPSTEIN, P. J.



COLLINS, J.

8